# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent/Plaintiff,<br><br> v.<br><br>JUAN CARLOS SANCHEZ-ROMO,<br><br>    Petitioner/Defendant. | CRIM CASE NO. 16cr1766WQH<br>CIVIL CASE NO. 19cv948WQH<br><br>**ORDER** |

HAYES, Judge:

  The matter before the court is the motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by the Defendant. (ECF No. 49).

  On August 2, 2016, an indictment was filed in the Southern District of California charging Defendant with Conspiracy to Distribute Cocaine Intended for Importation in violation of 21 U.S.C. §§ 959, 960 and 963; and Conspiracy to Possess with Intent to Deliver Cocaine on Board a Vessel in violation of 46 U.S.C. §§ 70503 and 70506(b). Defendant was arrested and extradited from Spain to the Southern District of California.

  On September 19, 2017, Defendant entered a plea of guilty to Conspiracy to Distribute Cocaine Intended for Importation in violation of 21 U.S.C. §§ 959, 960 and 963 as charged in Count 1 of the Indictment. Prior to the entry of the plea, Defendant and the Government entered into a Plea Agreement. (ECF No. 24). The Plea Agreement provided that the "crime to which Defendant is pleading guilty in **Count 1** carries the following penalties: A. a maximum of life in prison, and a mandatory minimum 10

years." *Id*. at 5. The parties jointly agreed to recommend a departure under the United States Sentencing Guidelines of 2 levels for "Safety Valve," and 2 levels for "Appeal Waiver and/Early Resolution." *Id*. at 9. The Plea Agreement stated:

> *If Defendant truthfully discloses to the government all information and evidence Defendant has concerning the offense and relevant conduct, and if Defendant otherwise qualifies for the "safety valve" reduction contained in § 5Cl.2, the government will recommend a two-level reduction under § 2Dl.l(b)(17) and relief from any statutory mandatory minimum sentence pursuant to § 5Cl.2. If Defendant does not qualify under § 5Cl.2, Defendant may be subject to a statutory mandatory minimum sentence.

*Id.* The Government agreed to "recommend that defendant be sentenced within the advisory guideline range recommended by the Government at sentencing." *Id.* at 10. Defendant agreed to waive "all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel." *Id.* at 11. Defendant signed the Plea Agreement and initialed each page.

On September 19, 2017 the Magistrate Judge conducted a plea hearing. The Magistrate Judge stated in part:

> THE COURT: Mr. Sanchez, as we discussed earlier, based on the type and amount of drugs involved in your case, federal law imposes a mandatory minimum sentence of ten years. The sentencing judge may impose that mandatory minimum sentence even though the advisory sentencing guidelines might suggest a lower sentence. Do you understand that?
> THE DEFENDANT THROUGH THE INTERPRETER: Yes, sir.
> THE COURT: Has each of you discussed the sentencing guidelines with your attorney?
> THE DEFENDANT THROUGH THE INTERPRETER: Yes.

(ECF No. 54-1 at 10). The Magistrate Judge confirmed that the Plea Agreement had been translated to the Defendant in Spanish prior to the plea hearing, and that Defendant had the opportunity to consult with defense counsel prior to the plea hearing. Defendant stated that he was satisfied with the advice he had received from his counsel. The Magistrate Judge found that Defendant knowingly, voluntarily, and intelligently entered his plea agreement with the assistance of his counsel.

On October 31, 2017, this Court adopted the findings of the Magistrate Judge and

accepted the plea.

On March 12, 2018, the Government filed sentencing summary chart stating that the guideline range was 135 to 168 months and recommending that the Court impose a sentence of 168 months. The Government indicated that Defendant did not qualify for safety valve pursuant to §§ 2D1.1(b)(17) and 5C1.2.

On April 3, 2018, Defendant participated in a safety valve debrief with agents from the DEA, the Assistant United States Attorney, and his defense counsel. During the debrief, Defendant was informed by the Assistant United States Attorney that he would have to talk about the offense in its entirety in order to be eligible for safety valve. Defendant continued to decline to answer questions. The interview ended.

On May 14, 2018, Defendant filed sentencing summary chart recommending a two level departure for safety valve pursuant to §§ 2D1.1(b)(17) and 5C1.2, resulting in a guideline range of 63-78 months.

On May 21, 2018, the Court held a sentencing hearing and scheduled an evidentiary hearing to address Defendant's compliance with the requirements of the safety valve provision. At the hearing, the United States called DEA Special Agent Eric Leach to testify regarding the April 3, 2018 debrief with the Defendant. Agent Leach testified that Defendant declined to answer specific questions posed regarding the cocaine shipments he directed and that he falsely denied sending GPS coordinates to a co-conspirator who used the screenname, Simon. (ECF No. 54-3 at 6-16). Defense counsel cross-examined Agent Leach regarding this debrief. Defendant did not call any witnesses.

The Court heard extensive arguments from the United States and Defendant regarding Defendant's eligibility for safety valve. *Id*. at 22-29. Defense counsel extensively argued that Defendant had provided all information regarding the offense of conviction and satisfied the requirements of safety valve. The United States argued that Defendant did not meet the requirements of safety valve because he declined to answer specific questions citing the safety of his family members in Mexico and falsely

denying sending GPS coordinates to a co-conspirator. The Court found that Defendant did not met the requirements for safety valve under § 5C1.2. The Court specifically found that Defendant elected not to provide responsive information to relevant questions from the Government concerning his participation in the offense.

The Court concluded that the applicable guideline range was 168 to 210 months and applied the two level departure for appeal waiver and early resolution for a final guideline range of 135 to 168 months. After considering all of the sentencing factors under 18 U.S.C. § 3553(a), the Court imposed the mandatory minimum sentence of 120 months in the custody of the Bureau of Prisons and 5 year of supervised release.

Based upon the plain language of the plea agreement, the Court declined to advise the Defendant that he had a right to appeal.

Defendant did not file a direct appeal.

On May 20, 2019, Defendant filed a motion pursuant to 28 U.S.C. § 2255. Defendant asserts that he received ineffective counsel because his attorney failed to provide him with a copy of the presentence report and failed to obtain the benefits of safety valve, including a sentence below the mandatory minimum 120 months.

Plaintiff United States asserts that the Defendant waived his right to challenge his conviction and sentence in the plea agreement. Plaintiff United States contends that Defendant cannot establish ineffective assistance of counsel because his counsel vigorously argued that he was eligible for safety valve, the issue was fully litigated, and the Court ruled against the Defendant.

**ANALYSIS**

28 U.S.C. § 2255 provides:

> A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof

> to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of facts and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set aside the judgment and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255(a) and (b).

## RULING OF THE COURT

**Waiver of Appeal**

In this case, the record conclusively shows that the Defendant waived his right to bring a § 2255 motion with the exception of a claim for ineffective assistance of counsel. In exchange for the Government's concessions in the plea agreement, the Defendant waived "all rights to appeal and to collaterally attack every aspect of the conviction and sentence, including any restitution order. The only exception is that Defendant may collaterally attack the conviction or sentence on the basis that Defendant received ineffective assistance of counsel." (ECF No. 24 at 11). This waiver is clear, express, and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *Davies v. Benov*, 856 F.3d 1243, 1247 (9th Cir. 2017). The plea was knowingly and voluntarily made. Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the conviction and sentence imposed except on the basis that Defendant received ineffective assistance of counsel.

**Ineffective Assistance of Counsel**

In order to prevail on a claim of ineffective assistance of counsel, Petitioner must show that representation of counsel fell below an objective standard of reasonableness, and that any deficiencies in counsel's performance were prejudicial. *See Strickland v. Washington*, 466 U.S. 688, 690 (1984). Both deficient performance and prejudice are required before it can be said that a conviction or sentence resulted from a breakdown in the adversary process that rendered the result of the proceeding unreliable and thus

in violation of the Sixth Amendment. *See United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005).

In order to show that counsel's representations fell below an objective standard of reasonableness, Defendant must identify "material, specific errors and omissions that fall outside the wide range of professionally competent assistance." *United States v. Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (internal citation omitted). The inquiry is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Turner*, 281 F.3d at 879 (internal quotations omitted). In making this determination, the court applies a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance...." *Strickland*, 466 U.S. at 689. A deficient performance requires showing that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687.

United States Sentencing Guidelines Section 5C1.2 provides,

(a) Except as provided in subsection (b), in the case of an offense under 21 U.S.C. § 841, § 844, § 846, § 960, or § 963, the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)-(5) set forth below:

(1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that

| | |
|---|---|
| 1 | the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement. |
| 2 | |

3 | 18 U.S.C. § 3553(f); U.S.S.G. § 5C1.2.

4 In this case, Defendant was advised in the Plea Agreement that he was subject to
5 the 120 months mandatory minimum sentence unless he qualified for safety valve under
6 § 5Cl.2. Defendant entered into a Plea Agreement which specifically stated:

> If Defendant truthfully discloses to the government all information and evidence Defendant has concerning the offense and relevant conduct, and if Defendant otherwise qualifies for the "safety valve" reduction contained in § 5Cl.2, the government will recommend a two-level reduction under § 2Dl.l(b)(l7) and relief from any statutory mandatory minimum sentence pursuant to § 5Cl.2. If Defendant does not qualify under § 5Cl.2, Defendant may be subject to a statutory mandatory minimum sentence.

11 ECF No. 24 at 9. The Plea Agreement was thoroughly reviewed by the Magistrate
12 Judge in open court. Defendant participated in a debrief in an effort to qualify for safety
13 valve and was clearly informed of the Government's position that he did not qualify.

15 At the time of sentencing, the Government asserted that Defendant did not qualify
16 for safety valve on the grounds that Defendant had not truthfully disclosed all
17 information known to him at the safety valve debrief. Defense counsel vigorously
18 argued that Defendant had met the requirement to truthfully disclose evidence. The
19 Court held an evidentiary hearing. Plaintiff United States presented the testimony of
20 the agent present at the debrief. Defense counsel extensively cross-examined the agent
21 and continued to argue in favor of safety valve. The Court found that Defendant had
22 not satisfied the requirement that he "truthfully discloses to the government all
23 information and evidence Defendant has concerning the offense and relevant conduct."
24 § 5C1.2(a)(5).

25 Defendant has not identified any "material, specific errors and omissions that fall
26 outside the wide range of professionally competent assistance." *United States v.*
27 *Molina*, 934 F.2d 1440, 1447 (9th Cir. 1991) (internal citation omitted). Defense
28 counsel vigorously advanced the position that Defendant had complied with the

requirements of safety valve at all stages of the proceeding.  After a contested hearing, the Court ruled against the Defendant.  There are no facts to support the conclusion that defense counsel made any errors in representation.  Defendant was fully informed of the legal consequences for his decision not to provide information by defense counsel, government counsel, and the Court.

**Prejudice**

To prevail on the prejudice prong of a claim of ineffective assistance of counsel, the defendant must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 69.  In this case, the Defendant signed a plea agreement specifically informing him that he was required to truthfully provide all information known to him concerning the offense and relevant conduct in order to avoid the mandatory minimum sentence.  The Court found that he did not comply.  There are no facts presented in the petition which would support any claim that he was prejudiced by advice of his counsel.[1]

**Conclusion**

An individual filing a claim for federal habeas corpus relief under 28 U.S.C. § 2255 is entitled to an evidentiary hearing "unless the motion and the files and records of the case conclusively show the prisoner is entitled to no relief."  *United States v. Schaflander,* 743 F.2d 714, 717 (9th Cir. 1984).  This standard requires an evidentiary hearing unless the movant's allegations, when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal.  *Id*.  The record in this case conclusively shows that representation

---

[1] The Court finds that Defendant has not shown any prejudice resulted from his claim that his counsel failed to provide him with a "draft of the PSI Report for his reading, revision, and approval." (ECF No. 49 at 4).

of counsel did not fall below an objective standard of reasonableness, and that any alleged deficiencies in counsel's performance were not prejudicial. Defendant is not entitled to relief under 28 U.S.C. § 2255. The Court is not required to hold an evidentiary hearing.

A certificate of appealability must be obtained in order to pursue an appeal from a final order in a Section 2255 habeas corpus proceeding. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A certificate should issue where the prisoner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists could not find Defendant's claim that he was entitled to relief under 28 U.S.C. § 2255 to be debatable. A certificate of appealability is denied.

IT IS HEREBY ORDERED that motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by the Defendant is denied.

DATED: September 4, 2019

**WILLIAM Q. HAYES**
United States District Judge